IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,943-01






EX PARTE TERRY LYNN STRANGE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2-08-260 IN THE 382ND DISTRICT COURT


FROM ROCKWALL COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery and
sentenced to thirty-five years' imprisonment. He did not appeal his conviction.

 Applicant contends that his trial counsel rendered ineffective assistance for failing to
determine whether Applicant understood the charges and for advising him that if he did not accept
the plea bargain, he would be sentenced to life or death. Applicant also contends that he was not
properly admonished, that he was not competent to plead guilty, and that the prosecutor should have
been disqualified because of a conflict of interest. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make findings of fact and conclusions
of law as to whether Applicant was properly admonished, whether he was competent to plead guilty,
and whether the prosecutor should have been disqualified because of a conflict of interest. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. A copy of the plea papers in
Applicant's case shall also be returned to this Court within 120 days of the date of this order. Any
extensions of time shall be obtained from this Court. 



Filed: June 3, 2009

Do not publish